IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROSALIE MUNN,

                        Plaintiff,                    OPINION AND ORDER

        v.
                                                      16-cv-318-wmc
MICHELLE N. MUNN and ALAN
P. MUNN,

                Defendant.

In this civil action, plaintiff Rosalie Munn asserts breach of contract claims against her son Alan and soon-to-be ex-daughter-in law Michelle.  (For ease of reference, the court will at times refer to the parties by their first names.)  Rosalie filed her complaint on May 12, 2016.  (Dkt. #1.)  The complaint and summons were served on both defendants (albeit at separate addresses) on May 13, 2016, rendering their answers due on or before June 3, 2016.  (Dkt. ##3-5.)  Neither Alan nor Michelle answered or otherwise responded to the complaint.   The court entered default against both defendants on August 5, 2016, and held a hearing on plaintiff's motion for default judgment on September 7, 2016. (Dkt. #8.)

At the September hearing, all parties appeared by telephone, although the plaintiff, Rosalie, was also represented at the hearing by counsel, who appeared in person. Before the hearing, Michelle had submitted a letter to the court with attachments, detailing her defense, including that:  (1) Rosalie's original loans to the couple were essentially "gifts"; (2) she understood the dispute giving rise to this lawsuit had been resolved as part of negotiations during Alan's and her divorce proceedings; and (3) Rosalie had never demanded payment from her. (Dkt. #18.)  Michelle also reiterated and

expanded on these arguments during the hearing. Based on her representations, the court agreed to reserve on the motion for default judgment against Michelle, pending possible recruitment of counsel and an evidentiary hearing.

Upon further reflection, the court will treat Michelle's filing (dkt. #18) and statements on the record during the September 7th hearing as a motion to set aside entry of default judgment under Federal Rule of Civil Procedure 55(c), which the court will grant. Moreover, as stated on the record at the hearing, the court sees no reason to delay entry of default judgment against defendant Alan Munn. Indeed, from comments at the hearing, the plaintiff's son had obviously contemplated this all along.

In light of these decisions, the court need not hold an evidentiary hearing at this time. Instead, the court will: (1) enter partial judgment pursuant to Federal Rule of Civil Procedure 54(d) against Alan, (2) set aside entry of default against Michelle, and (3) recruit counsel for Michelle. Once represented, the court will set a deadline for her to answer or otherwise respond to the complaint, and then set this case for a preliminary pretrial conference to establish a trial date and pre-trial deadlines.

OPINION

## I. Motion to Set Aside Default Under Rule 55(c)

The Seventh Circuit favors disposing of cases on their merits as opposed to terminating them by default judgment. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). Here, no default judgment was entered, only an entry of default. Thus, under Rule 55(c), "[t]he court may set aside [the] entry of default for good cause." In

applying Rule 55(c), "[a] party seeking to vacate an entry of default prior to the entry of final judgment must show: '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Id.* (quoting *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)).

Regarding the "good cause" element, Michelle stated during the hearing that Alan and she had signed a consent order as part of their divorce proceeding based on Rosalie's attorney's purported statement that if she agreed to the terms of the divorce agreement, which appear to involve her relinquishing family property, the debt she owed to Rosalie would be forgiven. Consistent with Michelle's representations about a consent order, counsel for Rosalie Munn provided the court a document, stamped May 23, 2016, and signed by both Michelle and Alan Munn and their respective attorneys, which was marked as Exhibit A at the September hearing. Counsel for Rosalie also acknowledged that she is a third-party beneficiary of that agreement. Even more to the point, this agreement was formed shortly after Rosalie's action was filed, before Michelle Munn's answer was due.

Given the timing of these undisputed events (and without deciding whether the debt in dispute had actually been forgiven), the court finds good cause in setting aside the default, based on Michelle's reasonable -- even if it turns out to have been mistaken -- belief that the breach of contract claims at issue in this lawsuit were dealt with as part of the parties' consent agreement. *See Cracco*, 559 F.3d at 631 (failure to respond due to inadvertence is good cause for a late submission); *see also Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 675-76 (7th Cir. 1987) ("[D]efault judgments should generally be set aside . . .

where the default has not been willful.").  For similar reasons, the court also finds Michelle Munn did not unduly delay her efforts to correct the default.  As the court understands Michelle's position, she believed an answer was not necessary because the claims at issue in this lawsuit were resolved in the divorce agreement.  While the notice of entry of default perhaps should have prompted quicker action on her part, Michelle responded to the motion for default judgment by promptly calling the court, filing a submission before the hearing and attending the hearing telephonically.  Finally, Michelle has asserted at least two, potentially meritorious defenses -- that the loans at issue were actually gifts and any arguable obligation to repay them was assumed by Alan with Rosalie's consent.  Accordingly, the court finds that the purpose and intent of Rule 55(c) has been satisfied, and the order granting entry of default against Michelle Munn (dkt. #8) will be vacated.

During the course of the hearing, Michelle inquired about possible appointment of counsel.  And since the hearing, Michelle submitted a motion for assistance in recruiting counsel, an affidavit of indigency and other related documents.  (Dkt. ##21, 22, 23.) Based on these documents, the court finds that she meets the indigency requirement and cannot afford counsel.  While civil litigants have no constitutional or statutory right to the appointment of counsel, *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013), the equitable considerations involved in this case, coupled with the fact that Michelle Munn resides out of state in North Carolina, justify recruiting pro bono counsel for Michelle.  In light of that decision, the court will await recruitment of counsel to set a deadline for her answer or other response to plaintiff's complaint.

## II. Motion for Default Judgment against Alan Munn

Whereas Michelle seeks to contest her liability, Alan freely admitted that he owed the money sought by his mother and that there were no available defenses. As such, the court sees no basis to delay entry of default judgment against him. In her complaint, Rosalie asserts breach of contract claims based on four promissory notes (all of these are attached to Rosalie's affidavit in support of default judgment):

- August 15, 2005, Promissory Note signed only by Alan Munn in the amount of $25,500, plus interest at the rate of 4% per annum and collection costs (R. Munn Aff., Ex. A (dkt. #10-1);

- July 31, 2010, Promissory Note signed by Alan and Michelle in the amount of $30,000, plus interest at the rate of 3.88% compounded quarterly and collection costs (*Id.*, Ex. D (dkt. #10-4));

- August 23, 2012, Promissory Note signed by Alan and Michelle in the amount of $12,000, plus interest at the rate of 3.88% compounded quarterly and collection costs (*Id.*, Ex. C (dkt. #10-3)); and

- November 2, 2015, Promissory Note signed by Alan and Michelle in the amount of $30,000, plus interest at the rate of 4.21% compounded quarterly and collections costs (*Id.*, Ex. D (dkt. #10-4)).[1]

Because the clerk of court has entered default against Alan Munn, the court accepts as true all factual allegations in the complaint, except those relating to damages. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Here, the promissory notes prove the damages sought. Plaintiff seeks to hold Alan and Michelle jointly and severally liable for the latter three promissory notes, and hold Alan liable for the additional $25,000 note in 2005. Accordingly, plaintiff seeks a judgment against Alan in the amount of $97,500, plus interest and fees. Counsel does not, however, actually offer a calculation of the

---

[1] The complaint also lists other loans from 2011 through 2016, totaling $281,871.54, but Munn does not seek a default judgment on those loans. (Compl. (dkt. #1) ¶¶ 46-67.)

interest owed, which does not appear to be straightforward given the different dates associated with the four loans, varying interest rates and questions of compounding. Plaintiff's counsel also failed to request a specific amount for attorney's fees or other collection costs, or provide any documentation in support of such a request.

In light of plaintiff's default judgment filings, and finding no just reason for delay under Federal Rule of Civil Procedure 54(b), the court will enter partial judgment in the amount of $97,500 against defendant Alan Munn.  If plaintiff seeks to include pre-judgment interest or an award of attorney's fees and other collection costs in the judgment, the court would entertain a stipulated amended partial judgment *or* motion to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), provided the latter is accompanied by supporting documentation.

## ORDER

IT IS ORDERED that:

1) Michelle Munn's motion to set aside the entry of default against her is GRANTED.  The clerk's entry of default against Michelle Munn (dkt. #8) is VACATED.

2) Plaintiff Rosalie Munn's motion for default judgment (dkt. #11) is GRANTED IN PART AND DENIED IN PART.  The motion is GRANTED as against Alan Munn, in the amount of $97,500.  In all other respects, the motion is DENIED.

3) The clerk of court is directed to enter partial judgment under Federal Rule of Civil Procedure 54(b) in favor of Rosalie Munn and against Alan Munn in the amount of $97,500.  This partial judgment fully resolves all claims Rosalie Munn has asserted against Alan Munn.

4) Defendant Michelle Munn's motion for assistance in recruiting counsel (dkt. #21) is GRANTED.

5)  This case is STAYED pending recruitment of counsel.

Entered this 8th day of December, 2016.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge