IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROSALIE MUNN,

                Plaintiff,

  v.

MICHELLE N. MUNN and ALAN
P. MUNN,

                Defendants.

ORDER

16-cv-318-wmc

---

In this civil action, plaintiff Rosalie Munn asserts breach of contract claims against her son Alan and soon-to-be ex-daughter-in-law Michelle. At defendant Michelle Munn's request, the court recruited counsel Marta Meyers of the law firm of Boardman & Clark in Madison, Wisconsin, to represent her *pro bono* for the remainder of this civil action. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter her appearance as plaintiff's *pro bono* counsel for the record.

The next step is for the court to hold a status conference to reset the calendar in this case. Defendant's counsel should contact her as soon as possible. So that counsel will have sufficient time to consult with defendant in advance of a preliminary pretrial conference, the clerk's office will be directed to set that conference in mid- to late-February 2017, as the court's schedule allows.

Finally, defendant should appreciate that her counsel took on this representation out of a sense of professional responsibility, which includes representing zealously those clients

taken on. Now that she is represented by counsel, defendant is advised that in return for representation defendant, too, has taken on a responsibility. For example, all future communications with the court must be through her attorney of record. Defendant must also work directly and cooperatively with her attorney, as well as those working at her direction, and must permit her to exercise her professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Defendant does not have the right to require counsel to raise frivolous arguments or to follow every directive she makes. On the contrary, defendant should expect her counsel to tell her what she *needs* to hear, rather than what she might prefer to hear, and understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting plaintiff from doing so.

If defendant decides at some point that she does not wish to work with her lawyer, she is free to alert the court and end the representation, but she should be aware that it is highly unlikely that the court will recruit a second attorney to represent her.

ORDER

IT IS ORDERED that the clerk's office enter Marta Meyers of the law firm of Boardman & Clark as plaintiff's *pro bono* counsel of record and to set this case for a status conference in mid- to late-February 2017, as the court's schedule allows.

Entered this 18th day of January, 2017.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge